IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRANCIS D. JOHNSON,

    Petitioner,        No. CIV S-10-2663 GGH P

  vs.

ROUNDS,

    Respondent.       ORDER

_____/

        Petitioner, a state prisoner proceeding pro se, purports to have filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has not, however, filed an in forma pauperis affidavit or paid the required filing fee ($5.00). See 28 U.S.C. §§ 1914(a); 1915(a). Petitioner will be provided the opportunity to either submit the appropriate affidavit in support of a request to proceed in forma pauperis or submit the appropriate filing fee.

        "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973)...." Muhammad v. Close, 540 U.S.749, 750, 124 S.Ct. 1303, 1304 (2004) (per curiam). In this application, petitioner does not set forth any specific conviction, sentence, prison disciplinary finding or parole denial decision the constitutionality of which he challenges. Instead, petitioner misguidedly apparently seeks to challenge the constitutionality of

the Anti-Terrorism and Effective Death Penalty Act (AEDPA) of 1996.  See Petition.  Petitioner appears to be arguing that AEDPA unlawfully amends or circumvents the Suspension Clause in imposing a statute of limitations on the filing of habeas petitions.  See id.  However, the Ninth Circuit has long held that the one-year statute of limitations "does not violate the Suspension Clause because it is not jurisdictional and may be subject to equitable tolling."  Green v. White, 223 F.3d 1001, 1003-04 (9th Cir. 2000).  Nor do the limitations imposed on the availability of habeas relief post-AEDPA violate the federal constitution.

> We hold that the Act does not preclude this Court from entertaining an application for habeas corpus relief, although *it does affect the standards governing the granting of such relief*. We also conclude that the availability of such relief in this Court obviates any claim by petitioner under the Exceptions Clause of Article III, § 2, of the Constitution, and that the operative provisions of the Act do not violate the Suspension Clause of the Constitution, Art. I, § 9.

Crater v. Galaza, 491 F.3d 1119, 1125 (9th Cir. 2007) (emphasis in original).

The petition, such as it is, therefore, must be dismissed, but petitioner is granted leave to amend to set forth a particular conviction or sentence that he might be seeking to challenge.  Petitioner is currently housed in Monterey County which is in an area embraced by the District Court in the Northern District of California.  Should petitioner file an amended petition seeking to challenge a particular conviction or sentence not within the jurisdiction of this Eastern District Court and setting forth claims of constitutional violations that might entitle him to relief, the amended petition will be transferred to the appropriate court.   If petitioner challenges a conviction or sentence rendered within this court's jurisdiction, the matter will proceed in this court, upon the filing of an appropriate amended petition as well either a completed affidavit showing entitlement to in forma pauperis status or payment of the $5.00 filing fee.

\\\\\

\\\\\

Accordingly, the petition will be dismissed without prejudice.[1]

1. Petitioner shall submit, within twenty-eight days from the date of this order, an affidavit in support of his request to proceed in forma pauperis or the appropriate filing fee; petitioner's failure to comply with this order will result in the dismissal of this action;

2. Petitioner's defective application for a writ of habeas corpus is dismissed with leave to amend within twenty-eight days; and

3. The Clerk of the Court is to provide petitioner with the appropriate form for filing a petition for writ of habeas corpus in this district as well as a copy of the in forma pauperis form.

DATED: October 15, 2010

/s/ Gregory G. Hollows
_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH009/:md
john2663.ord

---

[1] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).